**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1. **LSB CHEMICAL, LLC,**<br><br>*Plaintiff,*<br><br>**v.**<br><br>1. **OCCUPATIONAL SAFETY & HEALTH REVIEW COMMISSION,**<br><br>2. **UNITED STATES DEPARTMENT OF LABOR,**<br><br>3. **JONATHAN SNARE in his official capacity of Commissioner and Chairman of the Occupational Safety & Health Review Commission, and**<br><br>4. **KEITH SNODERLING in his official capacity as Secretary of Labor,**<br><br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL ACTION NO. _________** |

---

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

---

**INTRODUCTION**

1. Plaintiff LSB Chemical, LLC. ("LSB") brings this case to challenge the unconstitutional structure and process employed by the Occupational Safety and Health Review Commission ("OSHRC") to review a Citation issued by the Occupational Safety and Health Administration ("OSHA"), an agency of the United States Department of Labor ("DOL"). In a series of recent opinions, the Supreme Court has applied the separation of powers doctrine and struck down similar unconstitutional agency structures. Despite the Supreme Court's clear pronouncements, Congress has failed to amend the Occupational Safety and Health Act of 1970,

29 U.S.C. §651, *et seq*. ("OSH Act") to bring OSHRC in compliance with the minimum constitutional requirements. As a result, LSB is being denied its constitutionally guaranteed right to due process of law before a constitutionally adequate tribunal.

2. Specifically, OSHRC's review proceedings are unconstitutional because the current scheme for the appointment of OSHRC's administrative law judges (29 U.S.C. § 661) violates the Appointments Clause in Article II of the United States Constitution. *See Lucia v. Sec. & Exch. Comm'n*, 138 S. Ct. 2044 (2018); *Freytag v. Commissioner*, 501 U.S. 868, 915 (1991).

3. On or about April 2, 2026, OSHA issued LSB one Citation alleging three violations of the OSH Act. *See* Exhibit 1 (the "Citation"). LSB contested the Citation timely, and on June 23, 2026, the Secretary of Labor filed his complaint before OSHRC. LSB is prepared to defend itself against the Citation. However, OSHRC's current administrative review scheme denies LSB its constitutionally guaranteed substantive and procedural protections. Therefore, LSB brings this action to enjoin OSHRC and the DOL from prosecuting LSB before a constitutionally deficient tribunal.

**THE PARTIES**

4. Plaintiff, LSB Chemical, LLC. is an Oklahoma limited liability company with its principal place of business located in Oklahoma City, Oklahoma.

5. Defendant, OSHRC is an "independent administrative agency" of the United States. Among other things, OSHRC is empowered to review Citations issued by OSHA alleging a violation of the OSH Act. *See* 29 U.S.C. §659(c).

6. Defendant, Jonathan Snare is the sole active OSHRC Commissioner and is sued in his official capacity as a Commissioner of OSHRC.

7. Defendant, DOL is an agency of the United States.

8. Defendant, Keith Snoderling is the acting Secretary of Labor and is sued in his official capacity (the "Secretary").

9. OSHRC, Jonathan Snare, DOL, and Keith Snoderling are collectively referred to herein as "Defendants" or the "Government."

**JURISDICTION AND VENUE**

10. This action arises under the Constitution and laws of the United States, and this Court has federal question jurisdiction over this action pursuant to Article III of the Constitution and 28 U.S.C. § 1331.

11. LSB's right to immediate judicial review in this Court with respect to Defendants' alleged conduct is based on the Due Process Clause of the Fifth Amendment and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. *See Axon Enter., Inc. v. Fed. Trade Comm'n*, 598 U.S. 175, 143 S. Ct. 890, 215 L. Ed. 2d 151 (2023).

12. Venue is proper under 5 U.S.C. § 703 and 28 U.S.C. § 1391(e)(1)(C) because the Plaintiff is headquartered in, and its principal place of business is in Oklahoma City, Oklahoma and there is no real property involved in this action.

**FACTS AND BACKGROUND**

13. Formed in 1968 and headquartered in Oklahoma City, Oklahoma, LSB manufactures ammonia and ammonia-related products at its facilities in El Dorado, Arkansas; Cherokee, Alabama; and Pryor, Oklahoma. LSB is a vital supplier to the world's leading chemical and industrial companies and to the U.S. agricultural market. The chemicals LSB manufactures are included in hundreds of products used by thousands of people every day.

14. LSB's Pryor, Oklahoma facility (the "Pryor Plant") is a multi-product plant sitting on 80 acres in Pryor, Oklahoma.

15. Certain maintenance tasks at the Pryor Plant are performed by a nested third-party contractor 3S Team, LLC ("3S").

16. Work performed by 3S is subject to LSB's Contractor Management Standard.

17. On or about October 4, 2025, 3S employees were tasked with replacing a certain section of pipe.

18. Consistent with LSB's policies, 3S was provided with a scope of work which contained photographs of the work area and identified the work to be performed.

19. Consistent with LSB's policies, an LSB operator issued Safe Work Permitting Form and performed a site walk with the 3S personnel. During the site walk, an LSB operator identified the area in which 3S personnel could safely work.

20. For some unknown reason, 3S personnel were performing work outside of the approved safe work area when the pipe they were working on suddenly failed and fatally injured a 3S employee.

21. LSB reported the Accident to OSHA in a manner consistent with 29 C.F.R. § 1904.39.

22. OSHA subsequently initiated an inspection, with which LSB fully cooperated.

23. On April 2, 2026, the DOL issued LSB the Citation alleging three serious violations:

a. Item 1: Alleged failure by LSB to implement safe work practices in violation of 29 C.F.R. § 1910.119(f)(4).

b. Item 2a: Alleged failure by LSB to reverify isolation in violation of 29 C.F.R. § 1910.147(d)(5)(ii).

c. Item 2b: Alleged failure by LSB to clearly outline lockout tagout steps in LSB's energy control plan in violation of 29 C.F.R. § 1910.147(c)(4)(ii)(C).

24. LSB denies it violated the OSH Act. Among other defenses, LSB asserts:

a. The Occupational Safety and Health Review Commission lacks jurisdiction over this matter.

b. LSB was not required by the applicable standards to perform the duty in question and/or to the extent LSB owed any duty under the cited regulations it complied with its obligation(s).

c. LSB did not know and could not have known with the exercise of reasonable care of the alleged hazardous conditions or that 3S's employee would engage in conduct that would expose themselves to the same.

d. LSB lacked actual or constructive knowledge of the alleged violations.

e. LSB lacked fair and adequate notice that the conditions described in the Citation did not comply with the alleged standard.

f. The alleged standards are unconstitutionally vague and do not provide adequate notice of the conduct that is required.

25. On April 23, 2026, LSB attended an Informal Conference with OSHA in an attempt to resolve the Citation. The parties were unable to reach an agreement.

26. To preserve its right to challenge the Citation, on April 23, 2026, LSB filed its timely Notice of Contest in a manner consistent with 29 C.F.R. § 2200.33. The Secretary subsequently forwarded the Notice of Contest to OSHRC. OSHRC initiated a review proceeding and docketed the Notice of Contest. OSHRC assigned the proceeding docket number 26-0550. To

date, LSB participated in the OSHRC proceeding by taking defensive actions such as filing an Answer.

## SUMMARY OF ALLEGATIONS

27. OSHRC's current administrative review scheme denies LSB its constitutionally guaranteed substantive and procedural protections. Therefore, LSB demands a trial by an arbiter appointed in a manner consistent with the United States Constitution.

28. Declaratory and injunctive relief is necessary to prevent LSB from being compelled to submit to an unconstitutional proceeding and from suffering further irreparable professional, reputational, and financial harm, all without constitutionally sufficient meaningful judicial review.

29. If the current unconstitutional administrative proceeding results in adverse findings against LSB, the administrative law judge's and/or OSHRC's findings would be given substantial deference, entrenching the harm caused by OSHRC's unconstitutional proceedings.

30. Without the requested declaratory and injunctive relief, LSB will suffer irreparable harm by being forced to undergo an expensive, time-consuming, reputation-destroying, unconstitutional proceeding. Limited judicial review after that unconstitutional proceeding cannot and does not provide meaningful relief for the constitutional violations at issue in this matter.

## OSHRC'S UNCONSTITUTIONAL STRUCTURE

31. Subject to Fourth Amendment limitations, the OSH Act expressly authorizes the Secretary of Labor or his or her authorized representative to enter, inspect and investigate workplaces, interview employees and managers, and obtain and review records and documents. 29 U.S.C. § 657.

32. If, following the inspection, the Secretary or his or her authorized representative believes an employer has violated the OSH Act, the DOL can issue Citation(s). 29 U.S.C. § 658.

33. Following the receipt of a notice of a Citation, an employer has fifteen working days to contest the Citation by notifying the Secretary that it wishes to contest the Citation. 29 U.S.C. § 659. During those fifteen business days, employers and OSHA frequently engage in an Informal Conference, which is an attempt to resolve, or settle, the allegations set forth in the Citation. 29 C.F.R. § 1903.20.

34. Following the receipt of a Notice of Contest, the Secretary must immediately notify OSHRC which shall afford the employer a hearing in accordance with 5 U.S.C. § 554. 29 U.S.C. § 659(c).

35. Employer contests are heard by an administrative law judge appointed by OSHRC who makes a determination and provides a report of his or her determination to OSHRC. 29 U.S.C. § 661(j). The Administrative Law Judge's report becomes a final order of OSHRC unless, within 30 days after the report is issued, an OSHRC Commissioner directs that the report be reviewed by the Commission. *Id.* Final OSHRC orders are subject to limited judicial review by the Circuit Courts of Appeals and/or the United States Supreme Court. 29 U.S.C. § 660.

36. OSHRC is intended to be composed of three Commissioners appointed by the President with the advice and consent of the Senate. Commissioners serve six-year terms. 29 U.S.C. § 660(a). OSHRC Commissioners may only be removed by the President for "Inefficiency, neglect of duty, or malfeasance in office." *Id.* at 660(b). OSHRC may only act when a two-member quorum is present. *Id* at 661(f).

37. The Chairman of OSHRC appoints Administrative Law Judges. *Id.* at 661(e).

**A. OSHRC's Appointment of Administrative Law Judges is Unconstitutional.**

38. The Appointments Clause in Article II of the United States Constitution reads as follows:

> "[The President] shall nominate, and by and with the Advice and Consent of the Senate, shall appoint Ambassadors, other public Ministers and Consuls, Judges of the supreme Court, and all other Officers of the United States, whose Appointments are not herein otherwise provided for, and which shall be established by Law: but the Congress may by Law vest the Appointment of such inferior Officers, as they think proper, in the President alone, in the Courts of Law, or in the Heads of Departments." U.S. CONST., Art. II, § 2, cl. 2.

39. "The Appointments Clause of Article II is more than a matter of etiquette or protocol." *Edmond v. United States*, 520 U.S. 651, 659 (1997).

40. The OSH Act treats Administrative Law Judges as Inferior Officers whose appointment does not require the advice and consent of Senate. 29 U.S.C. § 661. However, the provision violates the Appointments Clause because the Administrative Law Judges are not appointed by one of the "Heads of Departments."

41. OSHRC's Administrative Law Judges are inferior officers. *Lucia v. Sec. & Exch. Comm'n*, 138 S. Ct. 2044 (2018). Therefore, they must be appointed by the "Head" of a Department. U.S. CONST., Art. II, § 2, cl. 2.

42. In the instant case, Congress vested the Chairman of OSHRC with the authority to appoint Administrative Law Judges. 29 U.S.C. § 661(e). However, the Chairman is not one of the "Heads of Departments" for two reasons. First, OSHRC is not a "like Cabinet-level department" and therefore, is not a "Department" for purposes of the Appointments Clause. *See Freytag v. Commissioner*, 501 U.S. 868, 915 (1991). Because OSHRC is not a "Department," the Chairman does not qualify as one of the "Heads of the Department" envisioned by the Appointment Clause, and Congress' decision to vest the Chairman with the authority to appoint administrative law judges is unconstitutional. Second, assuming, arguendo, that OSHRC is a "Department" for purposes of the Appointments Clause, the Chairman is not the "Head" of that Department. Instead, all three OSHRC Commissioners acting collectively are the "Head" of the

department and vesting appointment authority in the Chairman alone violates the Appointments Clause.

**CAUSE OF ACTION**
**(Declaratory Judgment and Injunctive Relief)**

43. LSB restates and incorporates by reference each and every allegation of the preceding paragraphs.

44. An actual case and controversy exists within this Court's jurisdiction and, therefore, the Court may declare the rights and other legal relations amongst the parties.

45. OSHRC's ongoing proceeding against LSB is unconstitutional because OSHRC's administrative law judges are not appointed by the "Head" of a "Department" in violation of the Appointments Clause in Article II of the United States Constitution.

46. Without injunctive relief from this Court, LSB will be required to submit to an unconstitutional proceeding. This in and of itself constitutes irreparable harm to LSB unless OSHRC and the DOL are enjoined.

47. Furthermore, if OSHRC, upon recommendation from the Administrative Law Judge, finds against LSB, the harm to LSB will be severe and irremediable.

48. OSHRC's conduct has caused and will continue to cause LSB to suffer immediate and irreparable harm by annulling its Constitutional right to Due Process. No money damages can remedy this harm, and LSB has no legal avenue by which to recover any money damages against OSHRC. Moreover, OSHRC's administrative proceeding is not speculative because it is currently happening.

49. LSB has a substantial likelihood of success on the merits of its claims. The harm to LSB far outweighs the harm, or even inconvenience, to OSHRC and the DOL, if such relief is granted. LSB has filed this action as early in the proceeding as possible, promptly after initiation

of the OSHRC proceedings, and before any substantial government resources or time has been expended on the prosecution of the administrative proceeding. Finally, the grant of an injunction will serve the public interest by protecting Americans' constitutional rights.

**PRAYER FOR RELIEF**

WHEREFORE, LSB ChemLical, LLC respectfully requests that this Court enter judgment in its favor and against Defendants as follows:

a. Declare that OSHRC's structure is unconstitutional;

b. Declare that OSHRC's administrative adjudication procedures are unconstitutional;

c. Enjoin Defendants from continuing administrative enforcement actions against LSB;

d. Award LSB its reasonable costs incurred in bringing this action; and

e. Award such other and further relief the Court deems just and proper.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C**

*/s/ Samuel R. Fulkerson*

Samuel R. Fulkerson, OBA#14370
Cameron G. Skinner, OBA #36256
621 N. Robinson Ave., Ste. 400
Oklahoma City, OK 73102
sam.fulkerson@ogletree.com
cameron.skinner@ogletree.com

Ryan Swink (*pro hac vice* to follow)
One Allen Center
500 Dallas, Suite 2100
Houston, Texas 77002
Telephone: 713.655.0855
Facsimile: 713.655.0020 (Fax)
ryan.swink@ogletreedeakins.com

***Counsel for Plaintiff LSB Chemical, LLC***